**Hearing Date and Time: 02/02/2021 at 11:00 a.m.**
**Objection Deadline: 01/26/2021**

WHITEFORD, TAYLOR & PRESTON LLP
220 White Plains Road, Second Floor
Tarrytown, NY 10591
(914) 761-8400
klewis@wtplaw.com
Kenneth M. Lewis

WHITEFORD, TAYLOR & PRESTON LLP
7 Saint Paul Street
Baltimore, MD 21202-1636
(410) 347-8794
pnussbaum@wtplaw.com
Paul M. Nussbaum

*Attorneys for Old Beth, II LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| Winding Road Properties, Inc. and | Case nos. 05-86739-las |
| Winding Road Estates, Inc., | 05-86740-las |
| | (Substantively consolidated) |
| Debtors. | |

-----------------------------------------------------------x

**NOTICE OF MOTION OF OLD BETH, II LLC, PURSUANT TO
SECTION 350 OF THE BANKRUPTCY CODE, BANKRUTPCY
RULE 5010, AND LOCAL BANKRUPTCY RULE 5010-1, TO
REOPEN THE DEBTORS' CHAPTER 11 CASES FOR THE
LIMITED PURPOSE OF SEEKING THE ENTRY OF AN ORDER
<u>TO ENFORCE THE PERMANENT INJUNCTION AND SALE ORDER</u>**

PLEASE TAKE NOTICE, that upon the Motion dated January 4, 2021 (the "<u>Motion</u>") of Old Beth, II LLC, a telephonic hearing will be held on February 2, 2021, at 11:00 a.m. (the "<u>Hearing</u>") before the Honorable Louis A. Scarcella, United States Bankruptcy Judge, U.S. Bankruptcy Court, Eastern District of N.Y., Alfonse M. D'Amato U.S. Courthouse, 290 Federal

1

Plaza, Central Islip, NY 11722, for the entry of an order, substantially in the form annexed as Exhibit "A" to the Motion, pursuant to section 350 of the Bankruptcy Code, Rule 5010 of the Federal Rules of Bankruptcy Procedure, and Rule 5010-1 of the E.D.N.Y. Local Bankruptcy Rules, to reopen the chapter 11 cases of Winding Road Properties, Inc. and Winding Road Estates, Inc. for the limited purpose of filing a subsequent motion seeking the entry of an order to enforce this Court's permanent injunction and *Order Authorizing the Debtor to Sell and Transfer Its Premises Located at 501 Winding Road, Old Bethpage, New York* [Doc. No. 58], and related relief.

PLEASE TAKE FURTHER NOTICE, that in order to attend the Hearing, in accordance with the Court's rules and procedures, all parties must email the Courtroom Deputy at Diane_Corsini@nyeb.uscourts.gov at least 24 hours in advance of the Hearing to identify the parties that will appear. All attorneys must also identify the party the attorney represents. In order to attend the Hearing, the dial in number is (888) 278-0296 (toll free) or (214) 765-0479 (toll), and the access code is 3535042. The Court's relevant rules and procedures for attending the Hearing are set forth more fully at https://www.nyeb.uscourts.gov/content/judge-louis-scarcella.

PLEASE TAKE FURTHER NOTICE, that objections, if any, to the Motion shall conform to the Federal Rules of Bankruptcy Procedure and the E.D.N.Y. Local Bankruptcy Rules, shall set forth with specificity the grounds therefor, and shall be filed with the Court electronically, (a) by registered users of the Court's case filing system in accordance with General Order M-559 (General Order M-559 and the Revised Administrative Procedures can be found at www.nyeb.uscourts.gov, the official website for the Court), and (b) by all other parties in interest, in PDF on diskette, CD, DVD or USB Flash Drive in accordance with the Court's Administrative Order No. 476 dated June 4, 2003, and served in accordance with General Order M-559, upon Kenneth M. Lewis, Esq., Whiteford, Taylor & Preston LLP, 220 White Plains Road, Second Floor, Tarrytown, NY 10591,

klewis@wtplaw.com, such that they are received no later than January 26, 2021.

PLEASE TAKE FURTHER NOTICE, that if no responses are timely filed and served in accordance with this Notice, the Court may grant the relief requested in the Motion without further notice or hearing.

Dated: Tarrytown, New York
       January 4, 2021

    WHITEFORD, TAYLOR & PRESTON LLP

By: */s/ Kenneth M. Lewis*
    Kenneth M. Lewis

220 White Plains Road, Second Floor
Tarrytown, NY 10591
(914) 761-8400
klewis@wtplaw.com


By: */s/ Paul M. Nussbaum*
    Paul M. Nussbaum

7 Saint Paul Street
Baltimore, MD 21202-1636
(410) 347-8794
pnussbaum@wtplaw.com

*Attorneys for Old Beth, II LLC*

**Hearing Date and Time: 2/02/2021 at 11:00 a.m.**
**Objection Deadline: 1/26/2021**

WHITEFORD, TAYLOR & PRESTON LLP
220 White Plains Road, Second Floor
Tarrytown, NY 10591
(914) 761-8400
klewis@wtplaw.com
Kenneth M. Lewis

WHITEFORD, TAYLOR & PRESTON LLP
7 Saint Paul Street
Baltimore, MD 21202-1636
(410) 347-8794
pnussbaum@wtplaw.com
Paul M. Nussbaum

*Attorneys for Old Beth, II LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                  Chapter 11

Winding Road Properties, Inc. and       Case nos. 05-86739-las
Winding Road Estates, Inc.,                        05-86740-las
                                        (Substantively consolidated)
                    Debtors.
------------------------------------------------------------x

### MOTION OF OLD BETH, II LLC, PURSUANT TO SECTION 350 OF THE BANKRUPTCY CODE, BANKRUTPCY RULE 5010, AND LOCAL BANKRUPTCY RULE 5010-1, TO REOPEN THE DEBTORS' CHAPTER 11 CASES FOR THE LIMITED PURPOSE OF SEEKING THE ENTRY OF AN ORDER TO <u>ENFORCE THE PERMANENT INJUNCTION AND SALE ORDER</u>

Old Beth, II LLC ("<u>Old Beth</u>"), by and through its attorneys, Whiteford, Taylor & Preston LLP, submits this Motion, for the entry of an order, substantially in the form annexed as Exhibit "A", pursuant to section 350(b) of the Bankruptcy Code, as complemented by Rule 5010 of the Federal Rules of Bankruptcy Procedure and Rule 5010-1 of the E.D.N.Y. Local Bankruptcy Rules, reopening the chapter 11 cases of Winding Road Properties, Inc. ("<u>WRP</u>") and Winding Road

Estates, Inc. ("WRE", together with WRP, the "Debtors"),[1] for the limited purposes of filing a motion seeking the entry of an order enforcing the permanent injunction that this Court entered as part of its Sale Order (as hereinafter defined) and for related relief (the "Motion to Enforce"). Should this Court grant this Motion, Old Beth will file the Motion to Enforce, substantially in the form annexed as Exhibit "B". The Honorable Joel B. Rosenthal (ret.) was the Judge assigned to these cases, and the cases were closed on December 6, 2007.

## PRELIMINARY STATEMENT

1. The purpose of reopening this case is to enforce a permanent injunction that this Court granted in favor of Old Beth in respect of its purchase of the Debtors' Property (as defined below). That injunction prohibited all persons from pursuing claims against Old Beth in connection with the purchased property. Specifically, the injunction states: "*all persons and entities, including, but not limited to, all creditors holding claims or interests of any kind or nature whatsoever against or in the Debtor or the Property (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Property prior to the Closing, hereby are forever barred, estopped and permanently enjoined from asserting against either Purchaser, or the Second Highest Bidder as the case may be, successors or assigns, its property, or the Property, such persons' or entities' claims or interests.*" *Sale Order*, p. 5 at ¶ 5 (emphasis added).

2. The Property had been contaminated decades prior to the Debtors' bankruptcy cases, and at the time of the bankruptcy was subject to ongoing remediation activities conducted

---

[1] On March 13, 2006, the Court entered an Order substantively consolidating the Debtors' cases [Doc. No. 13].

exclusively by the United States Environmental Protection Agency (the "EPA"). The EPA's activities were central to the Sale Order, and prohibited the Debtors and Old Beth from undertaking any independent remediation activities or otherwise interfering with the EPA.

3. The Village of Farmingdale (the "Village") claims to have suffered injury resulting from the toxic discharges that occurred decades ago. Notwithstanding that the Village and its counsel specifically knew of the permanent injunction issued by this Court and the Sale Order, in July of this year, the Village, without advance notice to Old Beth or its counsel, violated the injunction and commenced a lawsuit in the Supreme Court of New York, County of Nassau, titled *Village of Farmingdale v. ALJO-GEFA Precision Manufacturing, LLC, et al.*, Index No. 607613/2020 (the "State Court Action"), seeking damages against Old Beth based upon Old Beth's alleged failure to mitigate contamination that occurred at least twenty-seven (27) years prior to entry of the Sale Order, and which was the subject of EPA's exclusive responsibility, *as set forth in the Sale Order*.

4. This Court should reopen the Debtors' bankruptcy case to permit Old Beth to file and prosecute the Motion to Enforce.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6. In addition, this Court retained jurisdiction in its *Order Authorizing the Debtor to Sell and Transfer Its Premises Located at 501 Winding Road, Old Bethpage, New York* [Doc. No. 58] (the "Sale Order") to enforce and implement the terms of the Order.

## BACKGROUND

7.  Prior to the commencement of the Debtors' chapter 11 cases on September 24, 2005 (the "Winding Road Case"), the Debtors owned certain real property located at 501 Winding Road, Old Bethpage, NY (the "Property"). Claremont Polychemical Corporation, an affiliate of the Debtors, rented a 1-story building from WRP and produced mainly pigments at the Property (the "Claremont Site") from 1968 until its closure in 1980.

8.  In 1986, the EPA placed the Claremont Site on the National Priorities List for cleanups and assumed responsibility for the remediation. In 2000, the EPA conducted a review of the Claremont remediation and determined that its groundwater treatment facility is capturing and treating *all* contaminated groundwater emanating from the Claremont Site. In 2019, the EPA's periodic review and report of the groundwater remediation system concluded that it continues to treat all contaminated groundwater emanating from the Claremont property. Part of the EPA's remediation efforts is an environmental covenant that explicitly prohibits Old Beth from interfering with the remediation. The EPA required the covenant as a condition of Old Beth's purchase of the Property pursuant to the Sale Order.

9.  On August 23, 2006, the Debtors filed a motion to sell the Property [Doc. No. 26]. On August 17, 2007, the Court entered the Sale Order [Docket No. 58]. A copy of the Sale Order is annexed as Exhibit "C".

10. Pursuant to the Sale Order, the Court approved the sale of the Property from the Debtors to Old Beth free and clear of all "interests, liens, claims and encumbrances of any kind," except with respect to certain response actions required by the EPA, all of which have been met. Sale Order, p. 3 at ¶ H. As part of the Sale Order, the Court found and determined that Old Beth "would not have agreed to purchase the Property, if the transfer was not free and clear of liens,

claims and encumbrances." Sale Order, p. 4 at ¶ M.

11. The Sale Order further provides that subject only to the limitations or exceptions provided above,

> all persons and entities, including, but not limited to, all creditors, holding claims or interests of any kind or nature whatsoever against or in the Debtor *or the Property* (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), *arising under or out of, in connection with, or in any way relating to, the Property prior to the Closing*, hereby are *forever barred, estopped and permanently enjoined from asserting against* either *Purchaser*, or the Second Highest Bidder as the case may be, successors or assigns, its property, or the Property, such persons' or entities' claims or interests.

Sale Order, p. 5 at ¶ 5 (emphasis added).

\*\*\*\*

> all persons holding claims or interests against or in the Debtor or the Property of any kind or nature whatsoever shall be, and hereby are, forever barred, estopped and permanently enjoined from asserting, prosecuting, or otherwise pursing such claims against or interests of any kind or nature whatsoever against the Property with respect to any claims or interest of any kind or nature whatsoever such person or entity had, has, or may have against or in the Debtor, its estate, officers, directors, shareholders or the Property.

Sale Order, p. 7 at ¶ 10.

12. On April 16, 2014, more than six (6) years after the closing of the Winding Road Case, the Village, through its counsel, Napoli Bern Ripka Shkolnik & Associates, LLP, the predecessor firm to the Village's current attorneys, Napoli Shkolnik, PLLC, sent a letter to Old Beth advising, among other things, of the possible migration of contaminants from the Property to the Village's drinking water supply wells (the "2014 Letter"). A copy of the 2014 Letter is annexed as Exhibit "D". The Village stated that such contamination "originated from chemical releases throughout the Claremont Property during its operations." 2014 Letter, p. 2.

13. Old Beth's attorney, Paul Nussbaum, sent a reply advising the Village of the bankruptcy sale, the Sale Order, and the injunctive and exculpatory provisions contained therein (the "2014 Response"). A copy of the 2014 Response is annexed as Exhibit "E". In closing, while Mr. Nussbaum expressed understanding of the Village's concerns, he made it clear that as a matter of law there can be no responsibility or liability of Old Beth owed to the Village and that no claims should be asserted or pursued. Old Beth heard nothing further from the Village or its counsel for more than six (6) years.

14. Notwithstanding the foregoing, on July 27, 2020, the Village commenced the State Court Action, seeking damages against Old Beth based upon Old Beth's alleged failure to mitigate contamination that occurred at least twenty seven (27) years prior to entry of the Sale Order, and which was the subject of the EPA's exclusive responsibility as set forth in the Sale Order. In response, Old Beth has filed a motion to dismiss the State Court Action in part on the grounds that the Sale Order bars the Village's claims against Old Beth.[2]

## RELIEF REQUESTED

15. Section 350(b) of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Bankruptcy Rule 5010 contains the mechanism for doing so, providing that "[a] case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." Fed. R. Bankr. P. 5010. "Party in interest" is broadly construed to enable

---

[2] Because of the tight deadline for filing motions to dismiss in the State Court Action, Old Beth included as part of its motion to dismiss arguments based on the Sale Order. A hearing on the motion to dismiss has not been scheduled in the State Court Action. Old Beth intends to advise the state court of this Motion and the Motion to Enforce.

creditors, as well as the court *sua sponte*, to reopen cases. *See Zinchiak v. CIT*, 406 F.3d 214, 223 (3d Cir. 2005).

16. Reopening a bankruptcy case under section 350(b) of the Bankruptcy Code "invoke[s] the exercise of a bankruptcy court's equitable powers, which is dependent upon the facts and circumstances of each case." *Katz v. I.A. Alliance Corp.* (*In re I. Appel Corp.*), 104 F. App'x 199, 200 (2d Cir. 2004) (quoting *State Bank of India v. Chalasani* (*In re Chalasani*), 92 F.3d 1300, 1307 (2d Cir. 1996)). Bankruptcy courts have broad discretion to reopen bankruptcy cases in appropriate circumstances. *See, e.g., In re Arana*, 456 B.R. 161, 172 (Bankr. E.D.N.Y. 2011); *In re Am. Remanufacturers, Inc.*, 439 B.R. 633, 636 (Bankr. D. Del. 2010).

17. In determining whether to reopen a case under section 350(b), a court may consider any factors it deems relevant. *See Batstone v. Emmerling* (*In re Emmerling*), 223 B.R. 860, 864 (B.A.P. 2d Cir. 1997). Such factors may include: the benefit to the debtor, the prejudice to the would-be defendant in the litigation, the benefit to the creditors, the amount of time the proceedings have been closed, and the availability of relief in another forum. *See, e.g., In re I. Appel Corp.*, 300 B.R. 564, 571 (S.D.N.Y. 2003).

18. In *In re Old Carco LLC*, 603 B.R. 877 (S.D.N.Y. 2019), *aff'd*, 809 F. App'x 36 (2d Cir. 2020), the district court reviewed the bankruptcy court's decision to reopen a bankruptcy case to interpret and enforce a sale order. In that case, the executor of the estate of a motorist killed in a post-sale accident involving a vehicle made by the debtor brought a wrongful death claim in Alabama state court against New Chrysler, the purchaser of the debtor's assets. New Chrysler sought to reopen the bankruptcy case to enforce the "free and clear" language contained in the bankruptcy court's sale order. After granting the motion to reopen, the bankruptcy court ruled that wrongful death claims were barred by the sale order.

19. In affirming the bankruptcy court's decision, the district court held the bankruptcy court "did not abuse its discretion when it reopened the case and reviewed Alabama law in order to enforce its own prior order." *Id.* at 884. The district court recognized that a "Bankruptcy Court [has] jurisdiction to interpret and enforce its own prior orders." *Id.* at 883 (quoting *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151, 129 S. Ct. 2195 (2009)); *see also In re Eleventh Mines, LLC,* 312 B.R. 634, 645 (Bankr. D. Minn. 2004) ("[B]ankruptcy courts must retain jurisdiction to construe their own orders if they are to be capable of monitoring whether those orders are ultimately executed in the intended manner.") (citing *In re Franklin*, 802 F.2d 324, 326 (9th Cir. 1986)).

20. The facts and circumstances here establish cause for this Court to reopen the Winding Road Case to permit this Court to enforce the Sale Order. The Village was fully aware of the injunction and Sale Order when it filed the Verified Complaint commencing the State Court Action and the Village is bound by its terms and is required to comply with it. "It is beyond question that obedience to judicial orders is an important public policy. An injunction issued by a court acting within its jurisdiction must be obeyed until the injunction is vacated or withdrawn." *W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 461 U.S. 757, 769 (1983); *see also GTE Sylvania, Inc. v. Consumers Union of U.S., Inc.*, 445 U.S., 375, 386 (1980) ("[P]ersons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have property grounds to object to the order"); *In re Chateaugay Corp.*, 78 B.R. 713, 726 (Bankr. S.D.N.Y. 1987) (persons subject to an injunction issued by a court with jurisdiction must obey that decree unless and until it is modified or reversed, even if they have proper grounds to object to the order); *In re Kwelman*, 31 F. Supp. 23, 24 (E.D.N.Y. 1939) (a person with actual knowledge of an

order of a court is bound by the order, even absent formal service of the order).

21. When, as here, a bankruptcy court's sale order prohibits asserting claims against a purchaser, the bankruptcy court is authorized to enforce the sale order by enjoining actions filed in other courts. *See In re General Motors Corp.*, 407 B.R. 463, 506 (Bankr. S.D.N.Y. 2009); *see also In re Chrysler*, 405 B.R. 84 (Bankr. S.D.N.Y. 2009); *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 429 B.R. 423, 436 (Bankr. S.D.N.Y. 2010), *aff'd sub nom. In re Madoff*, 848 F. Supp. 2d 469 (S.D.N.Y. 2012), *aff'd sub nom. In re Bernard L. Madoff Inv. Sec. LLC*, 740 F.3d 81 (2d Cir. 2014) (a bankruptcy court may utilize section 105 of the Code to "enjoin proceedings in other courts when it is satisfied that such a proceeding would defeat or impair its jurisdiction with respect to a case before it."). If a buyer cannot obtain protection against successor liability, "it may pay less for the assets because of the risk." *In re General Motors Corp.*, 407 B.R. at 500.

22. Old Beth would suffer significant prejudice if the Winding Road Case is not reopened to permit the Court to consider Old Beth's subsequent motion to enforce the permanent injunction and Sale Order to, among other things, prohibit the Village from continuing to prosecute its claims against Old Beth.

23. This Court has a compelling interest in enforcing its own orders. The Court understands the significance of purchasers' reliance on the efficacy of orders that permanently enjoin actions against purchasers of estate assets, and understands the potential impact on sales under section 363 of the Bankruptcy Code if the express terms of its orders, like the permanent injunction set forth in the Sale Order, are ignored.

24. This Court specifically retained jurisdiction to "enforce and implement the terms of this Order" . . . including, but not limited to, "retaining jurisdiction to (a) resolve any disputes

arising under or related to the sale, and (b) interpret, implement, and enforce the provisions of this Order." Sale Order, p. 7 at ¶ 11.

25. There will be no prejudice to the Debtors in reopening these cases. Upon information and belief, the Debtors previously liquidated all of their assets and have ceased operations.

26. While the Debtors' cases were closed over twelve (12) years ago, the Village has only recently asserted claims against Old Beth in the state court. Thus, Old Beth acted timely to reopen the Winding Road Case.

27. Finally, while the interpretation and enforcement of the Sale Order, as well as a number of other issues are currently pending before the Nassau County Supreme Court, including in connection with Old Beth's pending motion to dismiss the Complaint, violation of this Court's order should appropriately be presented to this Court for adjudication and enforcement.

28. In view of the magnitude of the claims being asserted by the Village against Old Beth, which are the claims that existed prior to entry of the Sale Order, the prosecution of which this Court permanently enjoined, it is respectfully requested that this Court reopen the Winding Road Case to enforce its permanent injunction and Sale Order.

[Remainder of page intentionally left blank.]

WHEREFORE, Old Beth respectfully requests that this Court enter the proposed order, substantially in the form annexed as Exhibit "A", reopening the Winding Road Case for the limited purpose of permitting this Court to hear and decide Old Beth's subsequent motion to enforce its permanent injunction and Sale Order, and for such other and further relief as is just and proper.

Dated: Tarrytown, New York
       January 4, 2021

WHITEFORD, TAYLOR & PRESTON LLP

By: */s/ Kenneth M. Lewis*
    Kenneth M. Lewis

220 White Plains Road, Second Floor
Tarrytown, NY 10591
(914) 761-8400
klewis@wtplaw.com

By: */s/ Paul M. Nussbaum*
    Paul M. Nussbaum

7 Saint Paul Street
Baltimore, MD 21202-1636
(410) 347-8794
pnussbaum@wtplaw.com

*Attorneys for Old Beth, II LLC*